# United States Court of Appeals
## For the First Circuit

No. 24-1836

UNITED STATES,

Appellee,

v.

OSVALDO CALDERIN-PASCUAL, a/k/a Cubano, a/k/a Calde,

Defendant,

DAVID CALDERIN-PASCUAL,

Claimant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Barron, Chief Judge,
Breyer,* Associate Justice,
Gelpí, Circuit Judge.

George T. Pallas, with whom George T. Pallas, P.A. was on brief, for appellant.
Jacob H. Larson, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, Juan Carlos Reyes-Ramos, Assistant United States Attorney, Chief Appellate Division, and Gabriella S. Paglieri, Assistant United States Attorney, were on brief, for appellee.

---

* Hon. Stephen G. Breyer, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

April 3, 2026

**BARRON**, <u>**Chief Judge**</u>.   This appeal challenges an order denying David Calderin-Pascual's petition in the United States District Court for the District of Puerto Rico, in which he asserted an ownership interest in a boat that was subject to a preliminary order of forfeiture based on his brother's federal convictions.   For the reasons that follow, we vacate the denial and remand for further proceedings consistent with this opinion.

**I.**

Under   21 U.S.C.   § 853(a)(1),   persons   convicted   of certain crimes, like David Calderin-Pascual's brother, Osvaldo Calderin-Pascual,[1] must "forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." If  the  district  court  "finds  that  property  is  subject  to forfeiture,  it  must  promptly  enter  a  preliminary  order  of forfeiture . . . without regard to any third party's interest in the property."  Fed. R. Crim. P. 32.2(b)(2)(A).

Third-party claimants, like David himself, are not without recourse, however.  Upon entry of a preliminary order of forfeiture, they may "petition the [district] court for a hearing to evaluate [their] interest in the property."  <u>United States</u> v. <u>Catala</u>, 870 F.3d 6, 9 (1st Cir. 2017); <u>see also</u> <u>Libretti</u> v. <u>United</u>

---

[1] To avoid confusion, we refer to the two brothers by their first names.

States, 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n).").

When a third party "files a petition asserting an interest in the property to be forfeited, the [district] court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). Before a hearing is held on that petition, however, see id. 32.2(c)(1)(B), the district court, taking "the facts set forth in the petition" as true, "may, on motion, dismiss the petition . . . for failure to state a claim," id. 32.2(c)(1)(A).

Under 21 U.S.C. § 853(n)(3), the petition must "set forth . . . the time and circumstances of the [third party's] acquisition of the . . . property." Relatedly, "[t]o prevail on the merits," "a third party . . . must establish that his interest in that specific property existed before the commission of the crime that led to the forfeiture." Catala, 870 F.3d at 10. Thus, to survive a motion to dismiss for failure to state a claim, it follows that the petition must allege that the third party acquired their interest in the property before the crime was committed.

On August 4, 2023, Osvaldo pleaded guilty pursuant to a plea agreement to two criminal counts in the United States District Court for the District of Puerto Rico. In doing so, he pleaded guilty to being a participant in a conspiracy that began "in or about May 2019." As part of the plea agreement, he agreed to

- 4 -

forfeit his interest in, among other things, "[o]ne Avanti, Center Console, [twenty-five-foot] boat," and on December 19, 2023, the District Court issued a preliminary order of forfeiture as to that boat.

On February 29, 2024, David, acting pro se, contested the forfeiture under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c) by petitioning the District Court to hold a hearing so that he could establish his ownership over the boat. The petition alleged, under penalty of perjury, that David "was, at the time of the [boat's] seizure, the sole and rightful owner of" the boat. He thus requested that the District Court hold "a hearing to contest forfeiture."

David attached four documents, all in Spanish, to the petition. He did not provide an English translation of the documents, but the petition described them as, respectively, a "Boat Property Certificate, Boat Title and License, Trailer Title, [and] Engines Receipt."

On April 25, 2024, the government moved for the District Court to "dismiss the petition without a hearing or, alternatively, direct [David] to file a petition that meets" the requirements of 21 U.S.C. § 853(n)(3). Specifically, the government argued that while, "construed liberally," David's petition "provides some information relating to the nature and extent of [David's] interest in the [boat]," it "is silent as to the time and circumstances of

his acquisition of his interest in the [boat]." Thus, the government argued, the petition did "not state a plausible claim for relief."

On May 21, 2024, David -- now represented by counsel -- filed a response to the motion to dismiss the petition. He argued that the petition did set forth "the time and circumstances of his acquisition" of the boat. Alternatively, he requested "sufficient time to amend his petition."

This responsive filing included two attachments. The first indicated that someone named Martin Bresciani purchased the boat at an auction on October 28, 2015. The second was an illegible document that the petition claimed "establish[ed] that title to the vessel was transferred from . . . Martin Bresciani to [David] on May 6, 2017."

On August 2, 2024, the District Court entered two orders, one granting the government's motion to dismiss and the other denying David's petition. The District Court then, on August 15, 2024, entered a final order of forfeiture as to Osvaldo's interest in the boat.

This timely appeal followed.

## II.

To survive a motion to dismiss, a third party's petition contesting forfeiture "must plead 'enough facts to state a claim to relief that is plausible on its face.'" Catala, 870 F.3d at 9

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). David argues that his pro se petition and supporting documents did just that because they "clearly indicate" that he acquired ownership of the boat "well before" 2019 -- and thus before the conspiracy Osvaldo pleaded guilty to began.  David contends that the District Court therefore erred in granting the government's motion to dismiss the petition.  Reviewing de novo, see id., we disagree that his filings to this point suffice to survive a motion to dismiss.

The petition itself merely states that, "at the time of the [boat's] seizure," David was "the sole and rightful owner of [it]" and that he "ha[s] a valid, good faith, and legally recognizable interest in this asset[,] which is superior to the government."  It does not allege that he was the owner of the boat prior to 2019.  In fact, it does not allege when he received title to the boat at all.

The attachments to the petition, moreover, are all in Spanish and were submitted without translation.  As a result, pursuant to 48 U.S.C. § 864, we are proscribed from considering them.  See United States v. Pacheco, 921 F.3d 1, 2 (1st Cir. 2019) (noting that 48 U.S.C. § 864 "prohibits federal courts from considering untranslated documents").

Similarly, the document appended to David's response to the government's motion to dismiss that he contends established

that the boat was transferred to him in 2017 appears to be in Spanish and is, in any event, illegible.  Thus, it too did not "set forth . . . the time and circumstances of [his] acquisition of the" boat.  21 U.S.C. § 853(n)(3).

That said, in dismissing David's petition, the District Court did not refer to David's request in the alternative that he be given leave to amend the petition.  And while a district court's "basis for decision need not be declared if its reasons are apparent from the record," United States ex rel. Kelly v. Novartis Pharms. Corp., 827 F.3d 5, 10 (1st Cir. 2016), the reasons for the denial of that request are not apparent here, see Carmona v. Toledo, 215 F.3d 124, 136 & n.10 (1st Cir. 2000).

True, in its briefing to us, the government advances several rationales that, it argues, demonstrate that "the [D]istrict [C]ourt did not abuse its discretion in rejecting the petition without allowing David [leave] to amend."  Thus, it appears to be arguing that we should treat the District Court as having relied on those rationales in ruling as it did, notwithstanding that the District Court did not refer to any of them in so ruling.  But the government did not advance any of these rationales below, which makes it hard to see how we could conclude that the District Court impliedly adopted any -- let alone all -- of them.  Cf. Novartis Pharms. Corp., 827 F.3d at 10-11 (finding "the reasons for the [district]

court's . . . decision . . . readily apparent" given that it "immediately followed" the "[d]efendants' opposition memorandum, which set out adequate bases for denial").  Moreover, we are especially reluctant to do so when, in its motion to dismiss David's petition -- a filing that the District Court affirmatively cited when it dismissed the petition -- the government expressly argued that, insofar as the District Court agreed that the petition itself did not set forth allegations entitling David to a hearing, either the petition should be dismissed <u>or</u> he should be directed to file an amended petition.

Thus, because "[t]he present record does not disclose what the [District Court's] basis was for the denial," we find it "necessary to remand so that [it] can explain and/or reconsider its decision."  <u>McDonald</u> v. <u>Hall</u>, 579 F.2d 120, 122 (1st Cir. 1978).  In doing so, the District Court must take into account David's pro se status and 21 U.S.C. § 853's statutory requirement that its provisions be "liberally construed," 21 U.S.C. § 853(o).

### III.

For the foregoing reasons, we **vacate** the District Court's denial of the claimant's petition and **remand** for further proceedings consistent with this opinion.

- 9 -