**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    Plaintiff,                                                    CRIMINAL NO.: 21-350 (ADC)

v.

[2] OSVALDO CALDERIN-PASCUAL,

    Defendant,

v.

DAVID CALDERIN-PASCUAL,

    Third-Party Petitioner.

---

**THIRD-PARTY PETITIONER'S RESPONSE TO THE UNITED STATES'**
**INFORMATIVE MOTION (ECF NO. 365)**

**TO THE HONORABLE COURT:**

The Petitioner/Claimant, David Calderin-Pascual ("Petitioner" or "Claimant"), by and through undersigned counsel, respectfully responds to the United States' Informative Motion (ECF No. 365) as follows:

**I. BACKGROUND**

1. Petitioner is the registered owner of, and contests the forfeiture of, one (1) Avanti center console 25-foot vessel, HIN ERQ25114F697, P.R. Reg. No. 2213CC, together with its outboard engines and one boat trailer (collectively, the "Vessel"). See ECF Nos. 223, 238, 244, 254, 257, 262, 357, and 358.

2. By its Informative Motion, the United States reports that no agreement has been reached on the matter of forfeiture, asserts now for the first time that there are "indications" Petitioner is a "straw owner" of the Vessel, and requests fifteen (15) days within which to inform the Court whether discovery is required and in what format. See ECF No. 365 ¶¶ 3–6.

## II. NO COMMUNICATION REGARDING RESOLUTION HAS EVER BEEN DIRECTED TO PETITIONER OR HIS COUNSEL

3. The Court directed the United States to report whether an agreement was reached on the matter of forfeiture. See ECF No. 360. The United States now reports that there is no agreement. ECF No. 365 ¶ 3.  Petitioner respectfully places on the record the reason there is none: at no time has Petitioner or undersigned counsel ever been contacted by any Assistant United States Attorney regarding settlement or resolution of the forfeiture of the Vessel.  Undersigned counsel has never once communicated—by telephone, by email, or otherwise—with Assistant United States Attorney Myriam Y. Fernández-González, who signed the Informative Motion.

4. The reported "absence of an agreement" thus reflects the absence of any communication directed to the party whose property is at stake. Petitioner cannot have declined, or failed to reach, a resolution that was never proposed to him. Petitioner further notes that the matter of forfeiture was taken up with the Court at sidebar during the May 11, 2026 proceedings—outside Petitioner's presence and without notice to undersigned counsel—which is the subject of Petitioner's pending motion for the transcript of those proceedings.

## III. THE "STRAW OWNER" ALLEGATION IS RAISED FOR THE FIRST TIME AND IS UNSUPPORTED

5. The Informative Motion marks the first occasion on which the United States has suggested that Petitioner is anything other than the bona fide owner of the Vessel. Until ECF No. 365, no straw-owner theory had been advanced in any communication, pleading, or proceeding of which Petitioner is aware. The United States offers no facts in support of the assertion, resting instead on unspecified "indications." ECF No. 365 ¶ 4.

6. The assertion stands against the undisputed fact that Petitioner is the registered owner of the Vessel—ownership the United States itself acknowledges. Registered title is prima facie

evidence of Petitioner's legal interest. Petitioner denies that he is a straw owner and intends to establish, by a preponderance of the evidence, that his interest in the Vessel is superior to that of the defendant. See 21 U.S.C. § 853(n)(6)(A). Whether Petitioner is the bona fide owner is precisely the sort of contested factual question that the discovery contemplated by Rule 32.2(c)(1)(A) exists to resolve.

## IV. PETITIONER AGREES THAT DISCOVERY SHOULD PROCEED

7. Petitioner affirmatively agrees that discovery under Rule 32.2(c)(1)(A) is appropriate in this proceeding. Indeed, Petitioner welcomes discovery: it is the proper mechanism by which Petitioner will establish his bona fide ownership of the Vessel and by which the United States may be required to identify the factual basis, if any, for its newly asserted straw-owner theory. Petitioner respectfully requests that any discovery permitted be reciprocal, so that both parties may develop and test the relevant facts. See *e.g. United States v. Valentin-Acevedo,* 625 F.Appx. 16 (1st Cir. 2015) (district court allowed claimant and the government three months of discovery, with motions for summary judgment due one month after the end of discovery, and a forfeiture hearing to be held afterwards).

## V. RESERVATION OF RIGHTS

8. Because the matter of forfeiture was addressed at the May 11, 2026, sidebar outside Petitioner's presence and without notice to undersigned counsel, and because Petitioner has moved for the transcript of those proceedings, Petitioner expressly reserves the right to respond more fully—and to supplement this Response—upon receipt and review of that transcript.

**WHEREFORE**, Claimant/Petitioner David Calderin-Pascual respectfully requests that this Honorable Court:

(a) take notice of the foregoing Response;

(b) note that Petitioner agrees discovery under Rule 32.2(c)(1)(A) should proceed and requests that any such discovery be reciprocal;

(c) recognize Petitioner's reservation of the right to respond more fully and to supplement this Response if necessary upon receipt of the transcript of the May 11, 2026, proceedings; and

(d) grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

*/s/ George T. Pallas*
GEORGE T. PALLAS
Admitted Pro Hac Vice
Florida Bar No. 348694
GEORGE T. PALLAS, P.A.
2420 SW 22nd Street
Miami, Florida 33145
Tel.: (305) 856-8580
george@pallaslaw.com
Counsel for Third-Party Petitioner
David Calderin-Pascual

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record, including Assistant United States Attorney Myriam Y. Fernández-González and counsel for the defendant.

/s/ George T. Pallas
George T. Pallas