**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**[2] OSVALDO CALDERIN-PASCUAL,**

    **Defendant,**

**v.**

**DAVID CALDERIN-PASCUAL,**

    **Third-Party Petitioner.**

                              **CRIMINAL NO.: 21-350 (ADC)**

---

**THIRD-PARTY PETITIONER'S RENEWED MOTION TO UNRESTRICT**
**DOCUMENT**

**TO THE HONORABLE COURT:**

The Claimant/Third-Party Petitioner, DAVID CALDERIN-PASCUAL ("Petitioner"), through undersigned counsel, respectfully renews his Motion to Unrestrict Document (ECF No. 272) and again moves to unrestrict a certain document, to wit: ECF No. 2 in Case No. 22-cv-1189 (ADC)—the Unsworn Declaration of Special Agent Noel Garcia, which the United States incorporated by reference as the factual basis of its civil forfeiture complaint against the property at issue in this proceeding. The circumstances that the United States invoked to defeat the original motion no longer exist, and the recent positions taken by the United States make disclosure of the Declaration all the more necessary. In support, Petitioner states:

**I. BACKGROUND**

1. On September 23, 2021, an Indictment was returned charging the various defendants with drug trafficking and money laundering offenses, and included a forfeiture provision notifying the defendants that a certain vessel was subject to forfeiture under 21 U.S.C. § 853. See ECF No.

3. The vessel—one (1) Avanti center console 25-foot vessel, P.R. Reg. No. 2213CC, with two outboard engines and one boat trailer (the "Vessel")—was seized on October 25, 2021. All criminal defendants later renounced any interest in the vessel while Petitioner, the registered owner, has, at all times, timely asserted his interest.

2. On April 22, 2022, the United States filed a parallel civil forfeiture complaint against the Vessel. See *United States v. One 1997 Avanti Powerboats 25 Vessel*, No. 22-cv-1189 (ADC). The Verified Complaint expressly "incorporates the facts contained in the attached Unsworn Declaration of Special Agent Noel Garcia." Id. ECF No. 1 ¶ 10. The Government filed that Declaration—ECF No. 2—under restriction. That Declaration is the subject of this motion.

3. The United States then moved to stay the civil action on the ground that civil discovery "could adversely affect the prosecution of a related criminal case." The Court stayed the civil action on July 17, 2022. See No. 22-cv-1189, ECF No. 12. The sole stated justification for restricting the matter was thus the protection of the then-ongoing related criminal prosecution.

4. The criminal prosecutions have all since run their course. On August 4, 2023, the defendant, Osvaldo Calderin-Pascual, brother of the Claimant/Third Party Petitioner, entered into a plea and forfeiture agreement. ECF No. 173. The defendant has proceeded to sentencing. The investigative and prosecutorial interest that supplied the only stated basis for restricting the Declaration no longer obtains.

5. To this date, Petitioner has never been provided a factual recitation of why his property was seized. He moved to unrestrict the Declaration on November 8, 2024. See ECF No. 272. The United States opposed, resting principally on the contention that Petitioner's then-pending notice of appeal had divested this Court of jurisdiction, and secondarily on standing. See ECF No. 275 (citing *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987)).

## II. THE MATTER IS AGAIN BEFORE THIS COURT, AND THE UNITED STATES' PRIOR OBJECTIONS NO LONGER APPLY

6. The jurisdictional objection on which the United States principally relied has been overtaken by events. The appeal that the United States invoked as a bar has concluded, and the ancillary forfeiture proceeding is once again actively pending before this Court. [See Mandate / First Circuit Judgment, ECF No. 358, 359.] The rule of *Distasio*—that a pending appeal divests the district court of jurisdiction over matters related to the appeal—no longer has any application, because there is no longer a pending appeal.

7. The United States' standing and "not a party" objections likewise cannot be reconciled with the United States' own present litigating position. In its recent Informative Motion, the United States acknowledges that Petitioner "is contesting the forfeiture" of the Vessel, and affirmatively represents that this is a case in which discovery under Rule 32.2(c)(1)(A) is appropriate. See ECF No. 365 ¶¶ 1, 5. The Court has likewise directed the United States to report on the matter of forfeiture and is actively managing the ancillary proceeding. The posture that the United States invoked to characterize Petitioner as a stranger to this litigation is no longer tenable.

## III. THE DECLARATION IS A JUDICIAL RECORD SUBJECT TO A STRONG PRESUMPTION OF ACCESS, AND THE ORIGINAL BASIS FOR RESTRICTION HAS DISSIPATED

8. The Declaration is a judicial record. In the First Circuit, judicial records include the materials on which a court relies in determining the litigants' substantive rights, and the definition reaches documents that are submitted to and accepted by a court in the course of its proceedings. See *United States v. Kravetz*, 706 F.3d 47, 54, 58 (1st Cir. 2013); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir. 1986). The Declaration is the very factual predicate the United States incorporated into its verified forfeiture complaint against the Vessel. See No. 22-cv-1189, ECF

No. 1 ¶ 10. It is difficult to imagine a document more central to the adjudication of the parties' substantive rights in the forfeiture of this property.

9. A strong presumption of public access therefore attaches. The First Circuit recognizes a "presumptively paramount right of the public to know" the content of judicial records, which may be overcome only for "the most compelling reasons." *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 n.4, 410 (1st Cir. 1987). The party seeking to maintain secrecy—here, the United States—"must carry the devoir of persuasion." Id. at 410–11. The presumption that applies as against the public applies *a fortiori* in favor of the very claimant whose property the Government seeks to forfeit on the strength of the sealed Declaration.

10. The United States cannot carry that burden. The only justification ever offered for restriction was the protection of the related criminal prosecution. See No. 22-cv-1189, ECF No. 12. With the defendants' plea and forfeiture agreements entered and sentencing under way, that interest has dissipated, and no "compelling" reason remains to keep the Government's own factual recitation hidden from the claimant against whom it is being used.

## IV. THE NEWLY ASSERTED "STRAW OWNER" THEORY MAKES DISCLOSURE ALL THE MORE NECESSARY

11. For the first time—years after the seizure—the United States now contends that there are "indications" that Petitioner is a "straw owner" of the Vessel. See ECF No. 365 ¶ 4. The Declaration, by contrast, is the United States' own contemporaneous account of the facts of the seizure and the basis for forfeiture, prepared at the outset of the case and incorporated into the Government's verified pleading. The Government asserts that discovery is appropriate in this case. The first step in the discovery process should be release of this seminal document.

12. Petitioner is entitled to measure the straw-owner theory the United States advances today against the United States' own foundational recitation of the facts. To the extent the

contemporaneous Declaration describes the ownership, acquisition, or use of the Vessel in terms that do not align with the straw-owner characterization now asserted, Petitioner—and the Court—are entitled to know it. A claimant cannot fairly be expected to rebut an allegation of straw ownership while the Government's own original statement of the facts is withheld from him. The juxtaposition of a years-old, sealed factual account against a newly minted straw-owner theory is itself a compelling reason to bring the Declaration into the open.

13. Fundamental fairness and due process require no less. Petitioner is the registered owner of the Vessel and the party against whom forfeiture is sought. He is now, by the Government's own acknowledgment, contesting that forfeiture in a live ancillary proceeding in which discovery is appropriate. Permitting the Government to forfeit his property on the basis of a factual recitation he has never been allowed to see—while simultaneously advancing a new theory of straw ownership—cannot be squared with the process he is due.

## V.    RELIEF REQUESTED

**WHEREFORE**, Claimant/Third-Party Petitioner DAVID CALDERIN-PASCUAL respectfully requests that this Honorable Court:

(a) unrestrict ECF No. 2 in Case No. 22-cv-1189 (ADC)—the Unsworn Declaration of Special Agent Noel Garcia—and direct that it be made available to Petitioner and undersigned counsel;

(b) in the alternative, order the United States to produce the Declaration to undersigned counsel, under any protective order the Court deems appropriate, as part of the discovery under Rule 32.2(c)(1)(A) that the United States acknowledges is available in this proceeding;

(c) grant such other and further relief as the Court deems just and proper.

Pursuant to Local Rule, undersigned counsel states that, via email on June 4, 2026, he sought the position of the United States on this renewed motion; the United States has not yet responded to that email.

Respectfully submitted,

GEORGE T. PALLAS, P.A.
Fla. Bar No.: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By: /s/ George T. Pallas
    GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record, including counsel for the United States and counsel for the defendant.

/s/ George T. Pallas
George T. Pallas