**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
Plaintiff,

v.

OSVALDO CALDERIN-PASCUAL [2],
Defendant,

DAVID CALDERIN-PASCUAL,
Third-Party Petitioner.

Criminal No. 3:21-cr-00350 (ADC)

**THIRD-PARTY PETITIONER'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION REQUESTING EXTENSION OF TIME (ECF NO. 409)**

TO THE HONORABLE COURT:

The Third-Party Petitioner, David Calderin-Pascual ("David"), by and through undersigned counsel, respectfully opposes the United States' Motion Requesting Extension of Time (ECF No. 409), and states as follows:

1. ECF No. 409 does not seek an extension of time. The time it asks to extend expired fourteen days before the motion was filed. What the United States seeks is retroactive relief from a deadline this Court fixed and the government ignored — and it seeks that relief without offering this Court one word of explanation for having ignored it.

2. David opposes the motion for three reasons, each independently sufficient. First, this property has been in government custody for nearly five years, and the delay has been the government's at every stage. Second, on remand the government has now allowed two response deadlines to pass without filing anything. Third, the motion now before the Court is governed by the excusable-neglect standard and offers no excuse at all — not a weak one, but none.

## I. Nearly Five Years of Delay, Substantially All of It the Government's Doing.

3. The United States asks for more time in a proceeding in which it has consumed almost five years and produced no hearing. The docket tells the story:

| | |
|---|---|
| **Oct. 25, 2021** | The vessel, its two Suzuki outboard engines, and its trailer are seized. David is identified at the scene, in the government's own words, as the "registered owner." Garcia Decl. ¶ 15. |
| **Nov. 10–22, 2021** | SA Garcia interviews the prior owner, obtains the bill of sale by e-mail, and obtains and itemizes David's four engine receipts. Garcia Decl. ¶¶ 16–18. |
| **Jan. 25, 2022** | David files a verified administrative claim with the DEA. |
| **Apr. 22, 2022** | Rather than answer the claim, the government files a civil forfeiture complaint supported by the ex parte Garcia Declaration — and moves to stay that action the same day it is filed. David is never served. The Declaration is restricted |
| **Dec. 19, 2023** | Preliminary order of forfeiture entered — twenty-three months after David's claim. |
| **Feb. 29, 2024** | David, pro se, files his petition. |
| **Apr. 25, 2024** | The government moves to dismiss on the ground that the petition is silent as to the time and circumstances of acquisition — facts known to the government in its own restricted declaration two years earlier. |
| **Nov. 12, 2024** | The government opposes David's motion to unrestrict that declaration. ECF No. 275. |
| **Apr. 3 / Apr. 27, 2026** | The First Circuit vacates this Court's dismissal; the mandate issues. |
| **June 5, 2026** | David renews his motion to unrestrict. ECF No. 374. The government files no response. ECF No. 389. |
| **July 28, 2026** | The declaration is unrestricted, ECF No. 394, and is mailed to counsel |
| **Aug. 14, 2026** | David files his Motion on Remand. ECF No. 404. This Court sets the response deadline for August 28, 2026. |
| **Aug. 28, 2026** | The government files nothing. |
| **Sept. 2, 2026** | David moves to deem ECF No. 404 unopposed pursuant to Local Rule. ECF No. 408. |
| **Sept. 11, 2026** | The government files ECF No. 409, seeking more time and giving no reason for the default other than "working on it." |

4. David has never caused a day of this delay. He asserted his rights administratively in January 2022, by pro se petition in February 2024, by counseled response in May 2024, by appeal, and by three (3) filings on remand. He has met every deadline he has been given.

## II. On Remand, the Government Has Now Let Two Deadlines Pass Without Filing Anything.

5. When David renewed his motion to unrestrict the Garcia Declaration in June 2026, the government — which had vigorously opposed the identical relief in 2024, when the seal still served its litigation position, ECF No. 275 — allowed the response period supplied by Local Civil Rule 7(b) to run without filing a word. ECF Nos. 374, 389.

6. When David filed ECF No. 404 on August 14, 2026, this Court did not leave the government to a default rule. It fixed a date: August 28, 2026. The docket entry went further and expressly cautioned that the three additional days allowed under Fed. R. Civ. P. 6 for service by mail do not apply to electronic service. There was nothing to misread. The government filed nothing.

7. Nor did the government act when David's motion at ECF No. 408 placed the default squarely before it on September 2, 2026. It waited another nine days. The response period on ECF No. 408 has not yet run, and David does not suggest otherwise — but ECF No. 409 does not address ECF No. 408, does not address the waiver that had already occurred, and does not ask for leave to respond late. It simply asks for more time, as though August 28 had never come.

8. The pattern is consistent and it is not accidental. The United States litigated this ancillary proceeding energetically for as long as the Garcia Declaration remained sealed — a motion to dismiss, an opposition to disclosure, a full appellee's brief, and oral argument before the First Circuit. Since the declaration was unrestricted on July 28, 2026, the government has filed exactly one document in this Court, and it is a request for more time that explains nothing.

**III. The Motion Is Governed by Excusable Neglect, and It Offers No Excuse at All.**

9. Because the request came after the deadline expired, the ordinary standard does not apply. Federal Rule of Civil Procedure 6(b)(1)(A) permits an extension for *good cause* when the request is made "before the original time . . . expires." Once the time has run, Rule 6(b)(1)(B) permits an extension only "if the party failed to act because of excusable neglect." The criminal analogue is identical. Fed. R. Crim. P. 45(b)(1)(B). This ancillary proceeding is civil in nature and its motion practice is conducted as in a civil action, Fed. R. Crim. P. 32.2(c)(1)(A)–(B); under either rule the government must show excusable neglect.

10. Excusable neglect is an equitable inquiry measured by the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay and whether it lay within the movant's control, and the movant's good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The First Circuit does not weigh those factors equally. "[T]he excuse given for the late filing must have the greatest import." *Hosp. del Maestro v. NLRB,* 263 F.3d 173, 175 (1st Cir. 2001). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 6 (1st Cir. 2001); accord *Tubens v. Doe,* 976 F.3d 101, 106 (1st Cir. 2020).

11. Measured against that standard, ECF No. 409 is remarkable for what it does not contain. It does not acknowledge that the deadline passed. It does not cite Rule 6 or Rule 45. It does not use the words "excusable neglect." It identifies no illness, no unavailability, no transfer

of the file, no competing obligation, no technical failure, and no misunderstanding. It is supported by no affidavit and no certification.

12. What it does contain is three sentences, and none of them is a reason. That the United States "is working on its response" describes present activity; it says nothing about why nothing was filed on August 28, and nothing about why fourteen days was insufficient. That "an additional short continuance is necessary to complete the same" is a conclusion without a premise; the motion does not say what remains to be done or when the work began. And that the request "is made in good faith and is not intended to delay the proceedings" is an assertion, not an explanation — good faith is one *Pioneer* factor among four, and the weakest of them where the factor of greatest import is absent altogether.

13. Nor is the extension "short." The government asks to file on September 25, 2026 — forty-two days after service of ECF No. 404, and three times the period this Court allowed. It does so without having sought a single day of extension while the time was still running.

14. Where the movant supplies no reason, the factor of greatest import cannot be weighed in its favor and the inquiry is effectively at an end. The First Circuit has repeatedly held that "counsel's inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute excusable neglect." *Tubens*, 976 F.3d at 106 (quotation omitted); see also *Stonkus v. City of Brockton Sch. Dep't,* 322 F.3d 97, 101 (1st Cir. 2003). Here there was no ambiguity to construe. This Court fixed a date and foreclosed the mail rule in advance.

**IV. The Government Had a Duty to Ask Before the Deadline Passed, and Reasons Withheld Now Are Waived.**

15. The First Circuit has described an appeal arising from precisely this posture as ***"a cautionary tale of the risks run by parties who adopt a laissez-faire attitude toward court-imposed deadlines."*** *Vélez v. Awning Windows, Inc.,* 375 F.3d 35, 37 (1st Cir. 2004). (emphasis added). The rule that follows applies directly here: "A party who legitimately requires more time to oppose a motion has a corollary responsibility to make the court aware of its plight." Id. at 39-40. And a party seeking relief from a court-imposed deadline "has an obligation, at a bare minimum, to present his arguments for relief to the ordering court. ***An unexcused failure to do so constitutes a waiver***." Id. at 41. (emphasis added).

16. The United States discharged neither obligation. It did not make this Court aware of any plight before August 28. It did not do so on August 29, or on September 2. And when it finally appeared on September 11, it still presented no argument for relief. If the government has reasons, this was the filing in which to give them. Under *Vélez,* reasons withheld from the ordering court are waived, and the government should not be heard to supply them for the first time in a reply.

17. Local Civil Rule 7(b) supplies the same consequence independently: "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." L. Cv. R. 7(b). The waiver was complete on August 28, 2026. ECF No. 409 was filed after the right it seeks to revive had already been forfeited.

18. The government is entitled to no gentler application of these rules than the pro se claimant whose petition it moved to dismiss for a pleading deficiency. It has the resources of a

United States Attorney's Office, it has held this file since 2021, and it is a single institutional litigant notwithstanding the several Assistant United States Attorneys who have appeared for it.

**V. Every Additional Week of Delay Is Borne Entirely by David.**

19. The prejudice is not the inconvenience of a briefing schedule. A twenty-nine-year-old vessel, its two outboard engines, and its trailer have sat in a boatyard in government custody since October 25, 2021. They are depreciating. David has never been charged with, much less convicted of, any offense, and the government's own sworn declaration places his acquisition of the vessel in June 2017, nearly two years before the conspiracy period alleged in the indictment. Each additional week is another week of lost use and further deterioration of property the government's own evidence indicates is not forfeitable as to him.

20. For completeness, undersigned counsel notes that ECF No. 409 twice misnames the Third-Party Petitioner as "David Calderon-Pascual" and describes ECF No. 404 as a "Motion to Remand." David rests nothing upon these errors, but they are consistent with the attention the United States has given this remand.

22. David's motion at ECF No. 408 remains pending and should be resolved on its own terms. Nothing in ECF No. 409 addresses the waiver that had already occurred when it was filed.

WHEREFORE, Third-Party Petitioner David Calderin-Pascual respectfully requests that this Honorable Court deny the United States' Motion Requesting Extension of Time (ECF No.

409); grant his Motion to Deem the Motion on Remand Unopposed (ECF No. 408) and his Motion on Remand (ECF No. 404); and grant such other and further relief as justice requires.

RESPECTFULLY SUBMITTED,

GEORGE T. PALLAS, P.A.
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By: /s/ George T. Pallas
GEORGE T. PALLAS, ESQ.
Counsel for Third-Party Petitioner
David Calderin-Pascual

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ George T. Pallas
GEORGE T. PALLAS, ESQ.